714]— Order entered terminating suspension and reinstating petitioner to the practice of law. Present—Centra, J.P., Peradotto, Lindley, Whalen and Martoche, JJ. (Filed June 20, 2013.)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHON LUCIUS, Appellant. [967 NYS2d 864]— Motion for writ of error coram nobis denied. Present—Scudder, P.J., Centra, Peradotto, Carni and Whalen, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH WRIGHT, Appellant. [967 NYS2d 864]— Motion for writ of error coram nobis denied. Present—Scudder, P.J., Centra, Fahey, Lindley and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE T. COTTON, Appellant. [— NYS2d —]— Motion for writ of error coram nobis denied. Present—Smith, J.P., Fahey, Peradotto, Whalen and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HARRIS, Appellant. [967 NYS2d 864]— Motion for writ of error coram nobis denied. Present—Centra, J.P., Carni, Lindley, Valentino and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH LASTER, Appellant. (Appeal No. 1.) [967 NYS2d 864]— Motion for writ of error coram nobis denied. Present—Centra, J.P., Fahey, Peradotto, Lindley and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH LASTER, Appellant. (Appeal No. 2.) [967 NYS2d 864]— Motion for writ of error coram nobis denied. Present—Centra, J.P., Fahey, Peradotto, Lindley and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN DYE, Jr., Appellant. [967 NYS2d 864]— Motion for writ of error coram nobis denied. Present—Smith, J.P., Fahey, Lindley and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL T. TOLIVER, Appellant. [967 NYS2d 864]— Motion for writ of error coram nobis denied. Present—Smith, J.P., Fahey, Carni, Sconiers and Martoche, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY TUFF, JR., Appellant. [967 NYS2d 847]— Motion for writ of error coram nobis granted. Memorandum: Defendant contends that he was denied effective assistance of appellate counsel because counsel failed to raise an issue on direct appeal that